# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ISABEL RIOS-RIVERA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-16-0316-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DATE: November 17, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Marcos Gabriel Morales-Sbert</u>, Esquire, San Juan, Puerto Rico, for the appellant.

<u>Ana M. Margarida</u>, San Juan, Puerto Rico, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which treated her separation as a removal action and affirmed that action. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On August 24, 2016, the appellant received notice of the agency's decision to remove her effective August 26, 2016, from her Social Worker position, based on seven charges of alleged misconduct. Initial Appeal File (IAF), Tab 1 at 4, Tab 9 at 13-15. The appellant resigned, effective August 25, 2016, after receiving notice of the agency's decision to remove her. IAF, Tab 9 at 13-15, Tab 15 at 13.

¶3      The appellant filed a Board appeal of the removal decision and did not request a hearing. IAF, Tab 1 at 1-6. She raised claims of harmful procedural error and a violation of her due process rights. IAF, Tab 10 at 3, Tab 12 at 2, Tabs 14, 19.

¶4      Based on the written record, the administrative judge issued an initial decision treating the appellant's separation as a removal action, which she affirmed. IAF, Tab 22, Initial Decision (ID) at 2, 6, 25. Specifically, the administrative judge sustained the charged misconduct, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty of removal was within the tolerable limits of reasonableness. ID at 7-18, 20-25. She further found that the appellant failed to prove her affirmative defense of harmful procedural error. ID at 18-20.

¶5      The appellant has filed a petition for review challenging the initial decision and reasserting a violation of her due process rights. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing her petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>This appeal must be remanded for a jurisdictional determination.</u>

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving by preponderant evidence the Board's jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, an appellant is entitled to a jurisdictional hearing if she raises nonfrivolous allegations[2] of Board jurisdiction. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).

¶7    There remains a question whether the Board has jurisdiction over this appeal. Although the parties have not raised this issue, PFR File, Tabs 1, 3, the issue of the Board's jurisdiction may be raised at any time during a proceeding, *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985). Further, the Board has inherent authority to determine whether a matter is within its jurisdiction. *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 16 (2004). Therefore, we find that it is appropriate to raise the jurisdictional issue here.

¶8    The administrative judge found that, because the appellant resigned 1 day before the scheduled effective date of her removal, the Board has jurisdiction to adjudicate the agency's removal action regardless of the voluntariness of her resignation. ID at 6. In so finding, the administrative judge cited 5 U.S.C. § 7701(j) and *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994). ID at 6. Section 7701(j) provides:

> In determining the appealability under this section of any case involving a removal from the service (other than the removal of a reemployed annuitant), neither an individual's status under any retirement system established by or under Federal statute nor any

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

election made by such individual under any such system may be taken into account.

The plain meaning of this provision is that the Board may not base its jurisdictional determination in a removal appeal on whether the appellant retired when faced with a final removal decision. *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶ 12 (2013). In *Mays*, 27 F.3d at 1579-81, our reviewing court held that the Board had jurisdiction under 5 U.S.C. § 7701(j) over the appellant's removal appeal when she retired on the effective date of her removal.

¶9 However, we find that 5 U.S.C. § 7701(j) and the holding in *Mays* do not apply to the instant appeal because the appellant here did not retire but resigned prior to the effective date of her removal. IAF, Tab 13 at 4, Tab 15 at 13; *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 41 (2009); *see, e.g.*, *Quiet v. Department of Transportation*, 104 M.S.P.R. 292, ¶¶ 5, 9-10 (2006) (remanding the appellants' appeals for the administrative judge to adjudicate them as involuntary resignation/constructive removal appeals when the record reflected that the appellants were separated from service as a result of their resignations prior to the effective date of the agency's removal actions). Thus, we find that the administrative judge erred in adjudicating the appellant's resignation as a removal, and we vacate the initial decision.

¶10 An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, an employee may establish Board jurisdiction over an involuntary resignation as a constructive removal by proving that she lacked a meaningful choice in the matter and the agency's wrongful actions deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8, 11 (2013). An employee can establish involuntariness by proving, for example, that the agency obtained the resignation through duress, coercion, misinformation, or deception. *Searcy*, 114 M.S.P.R. 281, ¶ 12;

*Baldwin*, [111 M.S.P.R. 586](#), ¶ 15. The fact that an employee is faced with the unpleasant choice of resigning or being subject to removal for cause does not rebut the presumed voluntariness of her ultimate choice of resignation. *Schultz v. U.S. Navy*, [810 F.2d 1133](#), 1136 (Fed. Cir. 1987). However, "[i]f an employee can show that the agency knew [or should have known] that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive." *Id.* at 1136-37. Moreover, intolerable working conditions may render an action involuntary if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Searcy*, [114 M.S.P.R. 281](#), ¶ 12.

¶11　　Here, the administrative judge did not issue a jurisdictional notice, and neither the initial decision nor the agency's submissions put the appellant on notice that she might be required to prove Board jurisdiction over her resignation as a constructive removal. IAF, Tabs 9, 15; *see Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Therefore, we remand this appeal for the administrative judge to provide the appellant with notice of the jurisdictional requirements described above and an opportunity to establish jurisdiction. *See, e.g.*, *Burgess*, 758 F.2d at 643-44. After apprising the appellant of the proper jurisdictional issues, the administrative judge shall provide her with an opportunity to request a jurisdictional hearing and to submit evidence and argument on those issues.[3]

---

[3] In her petition for review, the appellant reasserts her argument that the agency violated her due process rights. PFR File, Tab 1 at 1-11; IAF, Tab 12 at 2, Tab 14 at 6, Tab 19. She also disputes the administrative judge's findings regarding the charged misconduct, hearsay evidence, harmful procedural error, nexus, and the removal penalty. PFR File, Tab 1. We find it is inappropriate to decide these issues at this time when it is unclear that these claims are within the Board's jurisdiction. *See Evans v.*

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:        _____/s/ for_____

                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.

---

*Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶ 5 (2013) (stating that the Board first must resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal). The appellant may reraise her arguments on remand to the extent they are relevant in a constructive removal appeal.